IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:12-cr-00062

GOLDEN HEART IN HOME CARE LLC,
SHIDA JAMIE,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is set for jury trial on September 25, 2012. Defendant Golden Heart In Home Care, LLC ("Golden Heart"), has yet to make an appearance in the case, and no plea has been entered on its behalf. For the reasons that follow, the trial against Golden Heart is hereby **SEVERED** from the trial against co-defendant Shida Jamie and **HELD IN ABEYANCE** pending resolution of the parallel civil proceedings, Case Nos. 2:10-cv-00498, 2:10-cv-00859, and 2:10-cv-00992 (in which the company is an interested party).

*I.  BACKGROUND*

On February 29, 2012, the United States filed an eighteen-count indictment against Defendants Shida Jamie and Golden Heart, charging them with healthcare fraud in violation of 18 U.S.C. § 1347, making false statements related to healthcare reimbursement in violation of 18 U.S.C. § 1035, altering or falsifying records in violation of 18 U.S.C. § 1519, conspiracy to alter or falsify records in violation of 18 U.S.C. § 371, and several illegal monetary transactions in

1

violation of 18 U.S.C. § 1957 (defendant Jamie only).  (Docket 5.)   The indictment includes two forfeiture counts, seeking approximately $2.5 million, an automobile, and two real properties, as derived from or involved in the alleged health care fraud and/or monetary crimes.  On August 9, 2012, the United States filed a superseding indictment, which appears to add one count of making a false statement in violation of 18 U.S.C. § 1001 (defendant Jamie only).  (Docket 55 at 37-38.)

      Prior to filing the indictment in this case, the United States initiated several civil actions against both defendants.  First, on April 16, 2010, the United States filed a complaint for injunctive relief seeking to freeze all assets and property of Defendants Jamie and Golden Heart fairly traceable to a federal health care offense.  (Docket 2 in Case No. 2:10-cv-00498.) Following an ex parte hearing, the Court entered a temporary restraining order ("TRO") freezing the named property (Docket 6 in Case No. 2:10-cv-00498), and the parties agreed that the restraining order should remain in effect indefinitely and that the fraud injunction suit should be stayed pending conclusion of the criminal action.  (Docket 32 in Case No. 2:10-cv-00498.) Second, on June 22, 2010, the United States filed a civil complaint alleging that Defendants Jamie and Golden Heart violated the False Claims Act by knowingly causing false payment claims to be submitted to state Medicaid authorities.  (Docket 1 in Case No. 2:10-cv-00859.)   The complaint also alleges several common law theories of recovery, including unjust enrichment and constructive trust.  In many ways, this suit is the civil corollary to the pending criminal case, charging substantive violations of federal and common law for much the same conduct as appears in the criminal case.  On February 2, 2011, the Court stayed the False Claims Act case based in large part on the Defendants' inability to obtain counsel and the parties' representations that the other civil cases would be stayed pending resolution of the criminal matter.  (Docket 19 in Case

No. 2:10-cv-00859.) Third, on August 6, 2010, the United States filed a civil forfeiture action, which largely parallels the forfeiture provisions of the indictments. (Docket 1 in Case No. 2:10-cv-00992.) On March 3, 2011, the civil forfeiture case was stayed by order premised on the joint motion of the parties, in which they represented that "continuation of the forfeiture proceeding may burden the claimants' rights against self-incrimination in the related criminal investigation." (Dockets 34, 35 in Case No. 2:10-cv-00992.)

Following the return of the indictment against Shida Jamie and Golden Heart, U.S. Magistrate Judge Mary E. Stanley held a hearing at which Shida Jamie appeared for arraignment. (Docket 16.) Magistrate Judge Stanley entered an order on March 16, 2012, indicating that Golden Heart had made no appearance and the Speedy Trial Act therefore did not commence as to Golden Heart. (Docket 22.) In response to the Order, the United States filed a paper "request[ing] the Court to order Shida Jamie to obtain counsel for Golden Heart, or to appoint a legal representative to take such action on behalf of Golden Heart as is necessary . . . to protect its interests against the pending criminal indictment." (Docket 27 at 5.) The United States added that "[f]ailure of Shida Jamie to comply with any such order of the Court is punishable by contempt." (*Id.* at 6.) The Court then directed the United States to show cause why the indictment should not be dismissed against Golden Heart, a business entity that was administratively dissolved months before the indictment was returned against it. The dismissal issue is still under consideration.

In light of concerns raised at the show cause hearing, namely that Golden Heart is without the ability to defend itself in the present criminal action, the Court now undertakes a sua sponte analysis of whether severance is appropriate.

3

## *II.  DISCUSSION*

By its language, Rule 14 of the Federal Rules of Criminal Procedure permits severance for trials when it appears that a defendant or the government would be prejudiced by joinder.  Fed. R. Crim. P. 14(a).  "Although the rule is silent as to the trial court's authority to grant a severance sua sponte, this power has been recognized."[1]  *United States v. McManus*, 23 F.3d 878, 882-83 (4th Cir. 1994) (citing *Jackson v. United States*, 412 F.2d 149, 151 (D.C. Cir. 1969)).  It is the general rule that "[b]arring 'special circumstances' . . . defendants indicted together should be tried together for the sake of judicial economy."  *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992); *see also, e.g.*, *United States v. Reavis*, 48 F.3d 763 (4th Cir. 1995).  Such special circumstances exist when there is a serious risk of prejudice to a specific trial right of one of the defendants.  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Turning to the case at hand, it appears that special circumstances exist in this case to permit severance.  As is the case in all federal courts, corporations and unincorporated associations may not appear pro se in this district.  *See* S.D. W. Va. L.R. 83.3; *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").  The government has seized and frozen all of Golden Heart's corporate assets, which it is clearly entitled to do under controlling law.  As indicated by counsel for co-defendant Shida Jamie, however, the company is now unable to retain counsel to defend it in the criminal case.

Golden Heart is also ineligible for appointed counsel.  The Criminal Justice Act provides for appointment of counsel for certain indigent "persons," but it does not address whether

---

[1] The Court's ability to join and sever counts and defendants is vital in the present circumstances, where a defendant is quite literally unable to move the Court for relief.

4

corporations and other business associations qualify as "persons" under the Act. *See* 18 U.S.C. § 3006A(a). Although the Dictionary Act provides that the word "person" generally includes corporations, companies, and associations "unless the context indicates otherwise," 1 U.S.C. § 1, the Fourth Circuit, joining other courts of appeals, has held that the context of the CJA indicates that corporations and other business entities are not "persons" entitled to appointed counsel. *See United States v. Hartsell*, 127 F.3d 343, 350 (4th Cir. 1997) (citing *United States v. Unimex, Inc.*, 991 F.2d 546, 550 (9th Cir. 1993)).

The above rules and statutes, as well as the government's decision to seize all assets prior to indictment, preclude Golden Heart from appearing in court to defend itself on the pending criminal charges. The question then becomes whether this result presents a serious risk of prejudice to Golden Heart's trial rights. Though the rights afforded a corporation under the U.S. Constitution may be lesser than those afforded individuals, *see, e.g., Scott v. Illinois*, 440 U.S. 367, 373-74 (1979) (limiting Sixth Amendment right to counsel to defendants facing imprisonment), Golden Heart still enjoys the right to retain counsel with its own funds (if ultimately possible) and the right to a fair trial. The present circumstances are troubling because the government has ensured that Golden Heart's options are limited to either entering a guilty plea to the crimes charged[2] or proceeding to trial in absentia. At the very least, Golden Heart's rights counsel against proceeding to trial prior to resolving the civil cases against the company, pursuant to which its assets are frozen. Put simply, the civil cases may yield some non-forfeitable assets with which Golden Heart is able to defend itself. To proceed otherwise would present a serious risk of

---

[2] Even this option is not securely available to Golden Heart, since the company must still retain counsel in order to appear for a Rule 11 hearing.

prejudice to Golden Heart, and the countervailing interest—which amounts to added time and expense to the government—is insufficient to overcome this risk of prejudice.[3]

Furthermore, even if the interest of judicial economy persuaded the Court to permit a joint trial despite the concerns set forth above, Rule 43 of the Federal Rules of Criminal Procedure "prohibits the trial in absentia of a defendant who is not present at the beginning of trial." *Crosby v. United States*, 506 U.S. 255, 262 (1993).[4] While Golden Heart may have notice of the indictment against it, the company has had and will have no opportunity to defend itself, or indeed, even to appear on its own behalf at trial. Under these circumstances, due process considerations and judicial prudence compel a severance.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** the trial of Shida Jamie shall proceed as scheduled, and the trial of Golden Heart is hereby **SEVERED** and **HELD IN ABEYANCE** pending resolution of the civil cases against Golden Heart, Case Nos. 2:10-cv-00498, 2:10-cv-00859, and 2:10-cv-00992 (in which the company is an interested party).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:　August 17, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3] After all, if Golden Heart is tried in absentia following the civil proceedings, the United States will only be required to present its case-in-chief against Golden Heart, since the company will be unable to mount a defense.

[4] The *Crosby* Court did not reach the question of whether a trial in absentia of a defendant who is not present at the commencement of trial offends the U.S. Constitution.