IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:12-cr-00062

GOLDEN HEART IN HOME CARE LLC,
SHIDA JAMIE,

        Defendants.

**MEMORANDUM OPINION**

The purpose of this memorandum opinion is to clarify that while the Speedy Trial Act applies to Defendant Golden Heart in light of the not guilty plea entered by Magistrate Judge Stanley on Friday, August 17, 2012, the seventy-day period in which trial must be held, *see* 18 U.S.C. § 3161(c)(1), has yet to commence. Further even if the seventy-day period has commenced, any period of delay resulting from the Court's severance order, Docket 65, is excluded from the computation of time.

"As in all statutory construction cases, [the Court must] begin with 'the language itself [and] the specific context in which that language is used.'" *McNeill v. United States*, ___ U.S. ___, 131 S. Ct. 2218, 2221 (2011) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). The Speedy Trial Act ("STA") provides, in pertinent part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on

> a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1).

It is clear from the statutory text that "[t]he speedy trial 'clock' is started on the date the formal indictment is filed, or on the date the defendant appears before a judicial officer, whichever is later, and the defendant must be tried within seventy days, excluding reasonable delays." *United States v. Price*, 173 F.3d 427, at *1 (4th Cir. 1999) (unpublished) (citing 18 U.S.C. § 3161(c)(1)); *United States v. Shelton*, 19 F.3d 13, (4th Cir. 1994) (unpublished) ("The Speedy Trial Act requires that a defendant be brought to trial within seventy days of the filing of the indictment or his first appearance before a judicial officer, whichever is later.").

In closely analyzing the text of the STA, and particularly whether the entry of a not guilty plea by itself may suffice to commence to seventy-day period, the Fifth Circuit stated:

> We can find no basis, however, from the text of § 3161(c)(1) for utilizing the date of a not guilty plea as the commencement date of the seventy-day period. The statute provides only two dates that can start the clock: the date of the indictment or the date the defendant has appeared. Section 3161(c)(1)'s requirement that a defendant's trial commence by a certain date if the case is one "in which a plea of not guilty is entered" determines only *whether* the time restrictions apply. It does not determine *when* the clock starts.

*United States v. Lopez-Valenzuela*, 511 F.3d 487, 490 (5th Cir. 2007) (emphasis in original); *accord United States v. Sparks*, ___ F. Supp. 2d ___, No. 12-113(RBW), 2012 WL 3306962, at *5-6 (D.D.C. Aug. 10, 2012) (holding same and noting that some courts have conflated the applicability of the STA with the commencement of the STA clock). The Fifth Circuit went on to cite the Fourth Circuit's decision in *United States v. Tootle*, 65 F.3d 381 (4th Cir. 1995), stating:

> The [*Tootle*] court reasoned that while a not guilty plea is a prerequisite for a Speedy Trial Act violation, the start date remains either the date of the indictment or first appearance, whichever is later. . . . The Fourth Circuit's interpretation of § 3161(c)(1) is faithful to the text. The Speedy Trial Act requires the seventy-day clock to begin on either the date of the first appearance or the date of the indictment, whichever is later, in any case in which a not-guilty plea is entered.

*Id.* (citing *Tootle*, 65 F.3d at 383 & n.2).

The Speedy Trial Plan in the Southern District of West Virginia mirrors the statute's command on when the seventy-day time limit begins:

> 5. <u>Time Within Which Trial Must Commence</u>.
>     (a) <u>Time Limits</u>. The trial of a defendant shall commence not later than 70 days after the last to occur of the following dates:
>         (1) The date on which an indictment or information is filed in this District;
>         (2) The date on which a sealed indictment or information is unsealed; or
>         (3) The date of the defendant's first appearance before a judicial officer of this District.

S.D. W. Va. Speedy Trial Plan (entered June 16, 1980, and amended Aug. 7, 1987), available at http://www.wvsd.uscourts.gov/pdfs/SpeedyTrialPlan.pdf.

In this case, Magistrate Judge Stanley entered an order on August 17, 2012, the day after Defendant Shida Jamie was arraigned on the superseding indictment, stating "[a]t the request of the Assistant United States Attorney, the court entered a not guilty plea on behalf of the defendant Golden Heart In Home Care, LLC." (Docket 64 at 1.) Although the order does not reference the Federal Rules of Criminal Procedure, the entry of a not guilty plea is no doubt premised on Rule 11(d), which provides "if a defendant organization fails to appear, the court must enter a plea of not guilty." Fed. R. Crim. P. 11(a)(4). As is clear from the rule driving the entry of the not guilty plea, Golden Heart has yet to make an appearance in this case. Therefore,

3

although the entry of a not guilty plea ensures the applicability of the STA to Golden Heart, it does not commence the seventy-day clock contained in § 3161(c)(1).

Moreover, as the United States argues in its Motion for Judicial Finding Regarding Delay in Trial Against Defendant Golden Heart [Docket 68], the Court's severance order sets forth sufficient reasons to find any delay excludable under several provisions of the STA. First, Defendant Golden Heart appears to be "unavailable" pursuant to 18 U.S.C. § 3161(h)(3), such that any period of delay resulting from the company's unavailability may be excluded from the seventy-day limit. *See* 18 U.S.C. § 3161(h)(3)(A). A defendant is "unavailable" under the STA "whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." § 3161(h)(3)(B). Golden Heart easily meets this definition; despite vigorous attempts, the company either cannot or will not make an appearance in this case. Accordingly, the Court **FINDS** that any delay resulting from efforts to bring Golden Heart to trial must be excluded under § 3161(h)(3). Second, and perhaps most compelling, the so-called "ends of justice" subsection, § 3161(h)(7)(A), permits exclusion of the time that will elapse until Golden Heart's trial following resolution of the civil matters. As the Court stated in the severance order, proceeding against the company in absentia "would present a serious risk of prejudice to Golden Heart" and that "due process considerations and judicial prudence compel a severance" and holding the criminal case against Golden Heart in abeyance. (Docket 65 at 5-6.) The Court now incorporates the entirety of that order by reference, and **FINDS** that the ends of justice are served by delaying the trial of Golden Heart until the civil cases against the company are resolved, and that the ends of justice served by the

4

delay outweigh the best interest of the public and Golden Heart in a speedy trial. *See* § 3161(h)(7)(A).

In summary, the seventy-day period in the STA has not yet begun to run against Defendant Golden Heart because the company has made no appearance in this criminal case. Even if the STA seventy-day period has commenced, at least two provisions of the STA operate to exclude any period of delay resulting from severance and the resolution of the civil cases against Defendant Golden Heart, Case Nos. 2:10-cv-00498, 2:10-cv-00859, and 2:10-cv-00992.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   August 23, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE